# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

CAESAR ANGELO CATAPANO,

Plaintiff,

v.

KEVIN KEATING, *et al.*,

Defendants.

Case No. 2:24-cv-00410-RFB-BNW

**ORDER**

Pro se plaintiff filed documents initiating this case on February 26, 2024. ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the Court will grant his request to proceed *in forma pauperis*. The Court now screens Plaintiff's complaint.

I.    **ANALYSIS**

A.    **Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

1    In considering whether the complaint is sufficient to state a claim, all allegations of

2    material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*

3    *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

4    Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

5    must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

6    544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But

7    unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se

8    plaintiff should be given leave to amend the complaint with notice regarding the complaint's

9    deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

10    **B.  Screening the Complaint**

11    It is unclear what claims Plaintiff is attempting to assert or against whom. *See* ECF No. 1.

12    Plaintiff has filed 11 attachments, each of which is supposed to contain a part of his claim. Based

13    on the way Plaintiff presents his factual allegations, the Court cannot evaluate whether Plaintiff

14    states any claims for relief. Accordingly, the Court will deny Plaintiff's complaint with leave to

15    amend to file a more manageable complaint. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016)

16    (holding that the Supreme Court "has long recognized that a district court possesses inherent

17    powers that are 'governed not by rule or statute but by the control necessarily vested in courts to

18    manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'").

19    Plaintiff is also advised that failure to comply with these rules when drafting and filing his next

20    amended complaint may result in a recommendation that this action be dismissed.

21    First, Plaintiff's complaint is to be **all in one document**. Plaintiff is advised that he must

22    specify which claims he is alleging against which defendants. Although the Federal Rules of Civil

23    Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each

24    of the claims he is alleging against each defendant. Specifically, he must allege facts showing

25    how each named defendant is involved and the approximate dates of their involvement. Put

26    another way, Plaintiff should tell the Court, in plain language, what each defendant did to him and

27    when. "While legal conclusions can provide the framework of a complaint, they must be

28    supported with factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Second, Plaintiff's amended complaint must be short and plain. The simpler and more concise Plaintiff's complaint, the easier it is for the Court to understand and screen it. The Federal Rules also require this. Under Federal Rule of Civil Procedure 8, Plaintiff's amended complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). "Each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

Third, Plaintiff may not raise multiple unrelated claims in a single lawsuit. The Federal Rules of Civil Procedure do not permit a litigant to raise unrelated claims involving different defendants in a single action. A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when those claims are against the same defendant. Federal Rule of Civil Procedure 20(a) allows a plaintiff to add multiple parties to a lawsuit where the right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences." FED. R. CIV. P. 20(a)(2)(A). "However, unrelated claims that involve different defendants must be brought in separate lawsuits." *Bryant v. Romero*, No. 1:12-CV-02074-DLB PC, 2013 WL 5923108, at *2 (E.D. Cal. Nov. 1, 2013) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). This rule is intended to avoid confusion, which arises out of bloated lawsuits.

Lastly, Plaintiff's amended complaint must be complete in and of itself. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete by itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading

//

//

//

supersedes the original"). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.

**II.     CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1-1 through 1-11) is denied with leave to amend.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to amend his complaint, he must do so by April 6, 2024. If Plaintiff chooses not to amend his complaint, this Court will recommend that his case be dismissed.


DATED: March 6, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE